IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41047
Summary Calendar
_____

JAMES EDWARD POTTS,

Plaintiff-Appellant,

versus

UNIDENTIFIED PARTY; RUSSELL
WHEEL McDONALD, DO,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CV-80
- - - - - - - - - -

June 29, 1999

Before KING, Chief Judge, and DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

James E. Potts, a Texas prisoner (# 522022), appeals the district court's order granting summary judgment in favor of defendant Dr. Russell McDonald.

Part of Potts' left ring finger was amputated in November 1996, approximately seven weeks after a fellow inmate bit the finger during a fight. Potts has asserted that, several weeks before the amputation, Dr. McDonald told him that he was going to "fix" it so that his finger would have to be amputated and that,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

one day later, Dr. McDonald injected his finger with a mysterious, bone-deteriorating chemical.  The district court did not err in concluding that there was no genuine issue of material fact as to whether Dr. McDonald committed this act or was otherwise deliberately indifferent to Potts' serious medical needs.  See FED. R. CIV. P. 56(c) and (e); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1996); Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Potts' medical records shows that in fact the wound on his finger was debrided on the date in question and that the wound culture tested positive for a bacteria that may have caused osteomyelitis, a condition that led to the amputation. Potts' affidavits on this matter, which were self-serving and unsubstantiated, were not sufficient to show the existence of a genuine issue for trial.

The judgment of the district court is AFFIRMED.

JUDGMENT AFFIRMED.